UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>      v.<br><br>LUCAS JAMES HOVEY,<br><br>                         Defendant. | CASE NO. 2:09-CR-6089-EFS<br><br>**ORDER DENYING THE FEDERAL DEFENDER'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL** |

     The Court is again asked by the Federal Defenders of Eastern Washington and Idaho to appoint an attorney from the office as counsel for Defendant Lucas James Hovey, who was sentenced in 2010, in order to investigate whether habeas corpus relief under 28 U.S.C. § 2255 in light of *Johnson v. United* States, 135 S. Ct. 2551 (2015), is a potential for Mr. Hovey.[1] ECF No. 51. This motion follows the Court's March 25, 2016 denial of an earlier motion for appointment of counsel. ECF Nos. 49 & 50. The Federal Defenders ask the Court to reconsider the denial of

---

[1] This motion was filed as an ex parte motion. However, there is nothing contained in the motion that requires restricting public review of the motion. Accordingly, the Court directs the Clerk's Office to convert it to a public motion on the docket.

ORDER - 1

appointment of counsel because 1) *Johnson* applies to individuals sentenced under the U.S. Sentencing Guidelines, and 2) other districts across the Ninth Circuit have appointed counsel for defendants whom were previously appointed counsel to determine if such a defendant is potentially eligible for relief under § 2255 in light of *Johnson*. For the reasons that follow, the Court abides by its prior denial of counsel and denies the motion.[2]

First, the Court recognizes that other districts have elected a "blanket" appointment process for defendants to determine if the filing of a § 2255 motion in light of *Johnson* is appropriate. Thus far, this district has not taken a "blanket" approach but rather will consider independent motions for appointment of counsel. The Court did so in this case, and again addresses another motion for appointment of counsel for Mr. Hovey.

Second, the Court recognizes that many sections of the U.S. Sentencing Guidelines call for an analysis of whether a defendant's prior conviction qualifies as a "crime of violence" either for purposes of an enhancement to the base offense level, such as the section 2K2.1(a)(3) enhancement applied to Mr. Hovey because his firearm offense

---

[2] Mr. Hovey was also sentenced in 2:10-CR-2054-EFS in 2010 to 120 months imprisonment. The Federal Defenders have also sought to be appointed counsel for Mr. Hovey in that case in order to determine if he is potentially eligible for relief pursuant to *Johnson*. Because Mr. Hovey pled guilty without the benefit of a plea agreement with the United States in that case, the Court determines that appointment of counsel is appropriate in that case. 2:10-CR-2054-EFS, ECF No. 46.

ORDER ~ 2

involved a sawed-off shotgun and his prior "crime of violence" conviction, or for purposes of Career Offender status under Guideline section 4B1.2. Now following *Johnson*, either at sentencing or upon resentencing after a remand, the Court must abide by *Johnson* and subsequent Ninth Circuit case law, *see United States v. Hernandez-Lara*, 2016 WL 1239199, --- F.3d ---- (9th Cir. March 29, 2016) (finding that the Immigration and Nationality Act's definition of aggravated felony was void for vagueness). However, Mr. Hovey's case is at a different procedural posture; he is potentially seeking collateral relief under 28 U.S.C. § 2255. Although unfair results may occur in light of *Johnson* and the procedural restrictions imposed by § 2255's one-year statute of limitations, such is the nature of direct versus collateral proceedings.[3]

As the Court indicated in its earlier order denying appointment of counsel, Mr. Hovey was not sentenced to an Armed Career Criminal Act (ACCA) enhanced sentence – in fact he was not given notice that he faced an ACCA sentence. Instead, Mr. Hovey elected to enter into a plea agreement with the government and plead to count 2 of the Indictment, Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5841. ECF No. 32. In the Plea Agreement, the parties agreed that the base

---

[3] *Johnson* could be determined not to have retroactive application *in toto* or as to other matters, such as "crime of violence" under the Guidelines. The question of retroactivity should be addressed, at least as to defendants whom received an enhanced sentence under the Armed Career Criminal Act based on a prior "residual clause" conviction, by the Supreme Court in *Welch v. United States*, No. 15-6418, 2015 WL 9666637 (2016).

ORDER - 3

offense level would begin at 22 under Sentencing Guideline section 2K2.1(a)(3), which stated, "if (A) the offense involved a . . . [sawed-off shotgun] described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines § 2K2.1 (2009). Mr. Hovey also agreed to recommend the Court impose a sentence at the low end of the applicable Sentencing Guideline range. ECF No. 32 ¶ 10(a). After reviewing the presentence investigation report and the sentencing memoranda submitted by both parties, and considering oral argument and the 18 U.S.C. § 3553(a) sentencing factors, the Court imposed a sentence lower than the applicable Sentencing Guideline range of 92 to 115 months at the request of Mr. Hovey at sentencing: the Court imposed 80-months imprisonment. ECF No. 47.

Mr. Hovey received a shorter imprisonment sentence than he bargained for in his plea agreement, which the Court accepted, and through his guilty plea, which the Court found to be knowing, intelligent, and voluntary. ECF No. 33. Now Mr. Hovey seeks to benefit from *Johnson*'s void-for-vagueness ruling. But "[a] favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea." *United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005), amending in part *United States v. Cortez-Arias*, 403 F.3d 1111 (9th Cir. 2005); *see also Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because

ORDER - 4

later judicial decisions indicate that the plea rested on a faulty premise.").

Even if Mr. Hovey had not been subjected to a base offense level of 22 under section 2K2.1(a)(3), he would have been subject to a base offense level of 20 under section 2K2.1(a)(4)(B). With a base offense level of 20, his total offense level would have been 21, after a 2-level enhancement for the number of firearms, a 2-level enhancement for a stolen firearm, and a 3-level reduction for acceptance of responsibility. His criminal history category would have remained at a VI, given the number of criminal history points. This would result in an applicable Sentencing Guideline range of 77-96 months, a range in which his imposed 80-months imprisonment lies. Therefore, Mr. Hovey is unable to show prejudice resulting from the consideration of his prior "crime of violence" – a consideration Mr. Hovey himself agreed was appropriate in the Plea Agreement.

Accordingly, Mr. Hovey is plainly not entitled to § 2255 relief in light of *Johnson* because he negotiated resolution of his case through a plea agreement and the Court ultimately imposed a sentence lower than the applicable Guideline range at the request of Mr. Hovey. The Court finds no basis on which counsel would assist Mr. Hovey with a *Johnson*-based motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk's Office is to convert the Ex Parte Motion to Reconsider Denial of Appointment of Counsel, **ECF No. 51**, to a **public** motion because there is nothing contained in the motion that requires restricting public review of the motion.

ORDER - 5

    2.    The Motion to Reconsider Denial of Appointment of Counsel, **ECF No. 51**, is **DENIED**.

    3.    The Court ISSUES a certificate of appealability as to the whether Mr. Hovey is entitled to § 2255 relief in light of *Johnson*. Given the contested litigation at the appellate and district court levels regarding *Johnson* and its impact, the Court finds that Mr. Hovey made a substantial showing of the denial of his Fifth Amendment due process right and therefore issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED.** The Clerk's Office is directed enter this Order, close the file and provide copies to all counsel and the U.S. Probation Office.

**DATED** this   18th   day of April 2016.

                        s/Edward F. Shea
                            EDWARD F. SHEA
            Senior United States District Judge